# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN ARMENTA RIVERA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ROSEMARY NDOH,<br><br>　　　　Respondent. | Case No. 1:19-cv-01725-AWI-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 6) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On September 26, 2013, Petitioner was convicted by a jury in the Fresno County Superior Court of multiple counts of sexual assault by sodomy against a child, forcible sodomy against a minor, and having contact or communication with a minor with the intent to commit a sexual offense. On October 25, 2013, Petitioner was sentenced to an imprisonment term of 180 years to life, plus 17 years. (LDs[1] 1, 2). On November 13, 2015, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD 2). On January 20, 2016, the California Supreme Court denied the petition for review. (LDs 3, 4). On July 4, 2019,[2] Petitioner constructively filed

---
[1] "LD" refers to the documents electronically filed by Respondent on February 6, 2020. (ECF No. 8).
[2] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014)

a state habeas petition in the California Supreme Court, which denied the petition on October 30, 2019. (LDs 5, 6).

On December 8, 2019, Petitioner constructively filed the instant federal petition for writ of habeas corpus. (ECF No. 1). On February 6, 2020, Respondent filed a motion to dismiss the petition as untimely. (ECF No. 6). To date, no opposition to the motion to dismiss has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

(alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010). Respondent applies the mailbox rule in the motion to dismiss. (ECF No. 6 at 2 n.1).

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Here, the judgment became final on April 19, 2016, when the ninety-day period to file a petition for writ of certiorari in the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The one-year limitation period commenced running the following day, April 20, 2016, and absent tolling, was set to expire on April 19, 2017. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

### B. Statutory Tolling

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). In the instant case, the limitation period expired before Petitioner constructively filed his first and only state habeas petition on July 4, 2019, and § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, the instant federal petition is untimely unless Petitioner establishes that equitable tolling is warranted.

### C. Equitable Tolling

The limitations period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418.

Here, however, Petitioner has not made any showing that he is entitled to equitable tolling. Indeed, Petitioner failed to oppose this motion to dismiss in any way. Therefore, the instant federal petition was not timely filed, and dismissal is warranted on this ground.

### III.

### RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 6) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED as untimely.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 26, 2020**

UNITED STATES MAGISTRATE JUDGE